IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Russell L. Pierce,                          :

        Petitioner                 :          Case No. 2:09-cv-00590

        v.                         :          Judge Watson

Warden Edward Banks,                        :          Magistrate Judge Abel

        Respondent                 :


# Report and Recommendation

Petitioner Russell L. Pierce, a prisoner at the Hocking Correctional Facility,

brings this action for writ of habeas corpus under 28 U.S.C. §2254.  This matter is before

the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing

Section 2254 Cases in United States District Courts.

The petition alleges that on December 22, 2005 Pierce pleaded guilty in the Court

of Common Pleas for Fairfield County, Ohio for two counts of rape, 13 counts of sexual

battery, and 11 counts of unlawful conduct with a minor.  He was sentenced to a term

of 19 years in prison.

Pierce did not appeal his sentence. In 2008, he filed a motion for leave to

file a delayed appeal.  That motion was denied by the Ohio Court of Appeals for the

Fifth District on December 2, 2008.  Petitioner appealed, but the Supreme Court of Ohio

denied him leave to appeal.

Petitioner alleges that his convictions violated the United States Constitution because:

A.      The Ohio Court of Appeals should not have denied his 2008 motion for leave to file a delayed appeal.

B.      He was denied the effective assistance of counsel in the trial court.

C.      The trial court erred in sentencing him to consecutive rather than concurrent sentences.

D.      The trial court erred in not questioning him about whether he was on medication and whether he understood the plea agreement.

The petition for writ of habeas corpus herein was filed July 10, 2009. Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus. The limitation period begins to run from the date the judgment became final by the conclusion of direct review. 28 U.S.C. §2244(d)(1)(A).[1] Petitioner was convicted December 22, 2005. Petitioner did not file a direct appeal; consequently, his convictions became final 30 days later on January 21,

---

[1]
The limitation period begins to run at a later date if there is an impediment to the filing of the habeas corpus petition created by the state in violation of the constitution, the constitutional right is newly-recognized, or petitioner could not have discovered by the exercise of due diligence a factual predicate to the claim. 28 U.S.C. §2244(d)(1)(B), (C) and (D). None of those situations apply here.

Further, the limitation period is stayed during the time a properly filed Ohio petition for post-conviction relief or other collateral review with respect to the judgment or claim is pending. 28 U.S.C. §2244(d)(2). Petitioner did not file a petition for post-conviction relief.

2003.[2]  Pierce had one year from the date his conviction became final by conclusion of direct review to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1)(A).  He failed to do so.  Further, the petition fails to allege any extraordinary circumstances, beyond petitioner's control, that made it impossible to file a petition on time.  See, *Calderon v. United States District Court*, 112 F.3d 386, 391-92 (9th Cir. 1997).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v.*

---

[2]Rule 4(A), Ohio Rules of Appellate Procedure provides that "[a] party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed . . . ."

*Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).


s/Mark R. Abel  
United States Magistrate Judge