IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Russell L. Pierce,

    Petitioner,

v.

Warden Edward Banks,

    Respondent.

Case No. 2:09-cv-00590

Judge Michael H. Watson

## OPINION AND ORDER

On July 15, 2009, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. 2244(d). Petitioner has filed a motion for reconsideration of that decision, which this Court construes as objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

In December 2005, petitioner Pierce pleaded guilty in the Court of Common Pleas for Fairfield County, Ohio to two counts of rape, 13 counts of sexual battery, and 11 counts of unlawful conduct with a minor. He was sentenced to 19 years in prison. Pierce did not appeal his sentence, and his conviction became final 30 days later. Rule 4(A), Ohio Rules Appellate Procedure. Under 28 U.S.C. 2244(d), Pierce had one year from January 21, 2006 to file a federal habeas corpus petition. He did not do so.

Pierce first challenged his sentence more than two years after his conviction became final when he filed a motion for leave to file a delayed appeal in 2008. The Ohio Court of Appeals for the Fifth District denied the motion on December 2, 2008. Petitioner appealed, but the Supreme Court of Ohio denied him leave to appeal.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action as time-barred. Petitioner contends that equitable tolling of the statute of limitations is appropriate because he is a layman, and "did everything he could possibly do once he found out that he could appeal his charges, and received a copy of his trial transcript." Objections, at 2. Petitioner further contends that the Court should consider this action timely, because the Ohio Supreme Court denied his appeal on April 22, 2009. He executed the instant habeas corpus petition shortly thereafter, on June 12, 2009. Additionally, petitioner asserts that he is actually innocent of the charges against him.

However, the petition indicates that petitioner was convicted and sentenced pursuant to his guilty plea on December 22, 2005. He waited almost three years later, until December 2, 2008, to file a motion for delayed appeal with the state appellate court. His conviction became final on January 21, 2006, when the time period expired to file a timely appeal. The statute of limitations expired one year later, on January 21, 2007. Therefore this action is time-barred.

The Court notes that, iIn *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that an otherwise untimely federal habeas corpus petition may be timely when a defendant is not advised of his right to appeal. In such a scenario, under 28 U.S.C. §2244(d)(1)(D), the statute of limitations does not begin to run on a claim that the state appellate court improperly denied a motion for delayed

appeal until the date on which the state appellate court denied the motion for delayed appeal. *Id.*, at 469. Additionally, claims that relate to events that occurred at the time of sentencing may be timely under 28 U.S.C. §2244(d)(1)(D), if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence. *Wims,* 225 F.3d at 190.
>
> \*\*\*
>
> ... [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]. *Wims,* 225 F.3d at 190-91 (citing *Easterwood v. Champion,* 213 F.3d 1321, 1323 (10th Cir.2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.,* at 470-471. However, "petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D). *Id.,* at 471, citing *Lott v. Coyle,* 261 F.3d 594, 605-06 (6th Cir.2001). Further, this Court construes *DiCenzi v. Rose, supra,* in conjunction with *Johnson v. United States,* 544 U.S. 295 (2005), which requires consideration of a petitioner's failure to exercise diligence in filing his motion for delayed appeal. Therefore, if the petitioner failed to act with reasonable diligence, *DiCenzi* would not render the petition timely. *See also Korbel v. Jeffries,* 2008 WL 269626 (S.D.

Ohio January 29, 2008)(same); *Ward v. Timmerman-Cooper*, 2008 WL 214411 (S.D. Ohio January 23, 2008)(same).

Applying the due diligence requirement of *Johnson*, petitioner's claims are time-barred. Even accepting as true petitioner's allegation that he did not know about his right to appeal, nothing in the record reflects that he acted diligently in pursuing his rights. Additionally, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Dunlap v. United States*, 250 F.3d 1001, 1006 (6th Cir.2001). Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra*, 197 F.3d at 218.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and*

*Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court